IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNEST A. CRUMP, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-328-SLR |
| | ) |
| STAN TAYLOR, THOMAS CARROLL, | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| JOHN DOE #1, JOHN DOE #2, | ) |
| JOHN DOE #3 and JANE DOE #1, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of June, 2005, having reviewed plaintiff's complaint and amended complaint,

IT IS ORDERED that plaintiff's complaint and amended complaint survive review under 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1) for the reasons that follow:

1. Having granting in forma pauperis on June 14, 2004 (D.I. 4), the court must now determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1] If plaintiff's complaint falls under any one of

---

[1] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief

the exclusions, the complaint will be dismissed.

    2.    When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the standard of review provided for in Fed. R. Civ. P. 12(b)(6). <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000). According to the Third Circuit, "if a claim is based on facts that provide no basis for the granting of relief by the court, the claim must be dismissed." <u>Id.</u> The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[2]

    3.    With this in mind, pro se complaints are reviewed under "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

---

may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

    [2] <u>Neitzke</u> applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Accordingly, cases addressing the meaning of frivolousness under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); accord Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

4. Plaintiff alleges that his Eighth Amendment rights were violated on August 30, 2002, when he was transferred to the Delaware Correctional Center and placed in a holding and receiving cell for processing.[3] (D.I. 2, 7) After an argument with a correctional officer, plaintiff was transferred to the infirmary and placed on a suicide watch. He was directed to remove all of his clothing and remained naked in this cell for five days.[4] He also was forced to use a toilet located in the floor of the cell. He states that using the toilet was humiliating and caused him to stop eating.

5. The Eighth Amendment prohibits the unnecessary and wanton infliction of pain. Ingraham v. Wright, 430 U.S. 651 (1977). While the Constitution does not require comfortable prisons, it does not permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To maintain an Eighth Amendment conditions of confinement claim, the plaintiff must establish that prison officials acted with "deliberate indifference" that deprived him of "the minimal civilized measure of life's

---

[3] Plaintiff moved to amend his complaint, and filed his proposed amended complaint, on July 9, 2004. (D.I. 6, 7)

[4] Plaintiff indicates he was provided with two pieces of paper towel to use as clothing.

necessities." Wilson v. Seiter, 501 U.S. 294, 298-99 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Under contemporary standards of decency, incarceration of a naked prisoner for several days in a dark, feces-smeared mental observation cell, without any personal necessities, can rise to an Eighth Amendment claim. Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995).

6. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall submit to the court **within thirty (30) days** an **original** United States Marshal-285 form for each of the defendants. Failure to submit these forms may provide grounds for dismissal of these defendants from this action pursuant to Fed. R. Civ. P. 4(m).

6. Upon receipt of the completed United States Marshal-285 forms, the United States Marshal shall serve a copy of the signed complaint and the amended complaint upon defendants as directed by plaintiff. All costs of service shall be advanced by the United States.

_____
United States District Judge