# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERNEST A. CRUMP, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-328 SLR |
| | ) | |
| STAN TAYLOR, THOMAS CARROLL, CORRECTIONAL MEDICAL SERVICES, DAVID DUNINGTON, MICHAEL BRYANT, JOHN DOE #3, JANE DOE #1 and JOHN DOE #4, | ) ) ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

### MOTION OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, FOR A PROTECTIVE ORDER

Correctional Medical Services, (hereinafter "CMS"), by its undersigned counsel, hereby moves this Honorable Court to enter the attached Order, granting a protective order pursuant to Fed. R. Civ. P. 26 (c) in its favor and against plaintiff and, in support thereof, avers as follows:

1. The case at bar involves an allegation that plaintiff was confined to a "RAM ROOM" for five days at the institutional hospital. Plaintiff alleges that he came under the care of CMS at this time.

2. On August 16, 2005, Plaintiff filed a Discovery Request. D.I. #20. On August 22, 2005, Plaintiff filed a Request for Admissions, D.I. #21, and on August 25, 2005, Plaintiff filed his First Set of Interrogatories. D.I. #22. All three discovery requests were directed to CMS.

3. On August 30, 2005, CMS filed a Motion to Dismiss alleging failure to state a claim upon which relief may be granted as CMS was not the medical services provider for Delaware prisons at the time of the incident alleged in plaintiff's Complaint.

4.      A motion for a protective order may be made by a witness from whom discovery is sought. Silkwood v. Kerr-McGee Corp., 563 F.2d 433 (10th Cir. 1977). According to Fed. R. Civ. P. 26 (c), the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense…." Additionally, a court may grant a protective order prohibiting discovery when it believes the information sought is wholly irrelevant to the issues or to prospective relief. Leighr v. Beverly Enterprises-Kansas Inc., 164 F.R.D. 550, 551 (D. Kan. 1996). Protective orders are entered by the Court for "good cause"; which is a determination that consists of balancing the harm to the person seeking the protective order versus the importance of disclosure to the public. Wiggins v. Burge, 173 F.R.D. 226, 229 (N.D. Ill. 1997).

5.      The Court should order that discovery not be had pending its ruling on the Motion of Defendant, Correctional Medical Services, to Dismiss Plaintiff's Complaint.

WHEREFORE, Defendant, Correctional Medical Services, respectfully moves this Honorable Court to enter the attached Protective Order, providing that Correctional Medical Services shall not be required to answer Plaintiff's discovery pending a decision by the Court on Correctional Medical Services' Motion to Dismiss.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

BY:   */s/ Kevin J. Connors*
         KEVIN J. CONNORS, ESQ.
         DE Bar ID: 2135
         1220 North Market Street, 5th Fl.
         P.O. Box 8888
         Wilmington, DE 19899-8888
         Attorney for Defendant,
         Correctional Medical Services

DATED: August 31, 2005

## CERTIFICATION OF SERVICE

I hereby certify that I have served upon all persons listed below two true and correct copies of **MOTION OF DEFENDANT, CORRECTIONAL MEDICAL SERVICES, FOR A PROTECTIVE ORDER** in the above-captioned matter this date by regular mail.

Ernest A. Crump, Jr.
SBI No. 00149221
Delaware Department of Corrections
1181 Paddock Road
Smyrna, DE 19977

                                          **MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

BY:  */s/ Kevin J. Connors*
              KEVIN J. CONNORS, ESQ.
              DE Bar ID: 2135
              1220 North Market Street, 5th Fl.
              P.O. Box 8888
              Wilmington, DE 19899-8888
              Attorney for Defendant,
              Correctional Medical Services

DATED: August 31, 2005