IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNEST CRUMP, JR. )<br> )<br>   Plaintiff, )<br> )<br>  v. )<br> )<br>STAN TAYLOR, THOMAS CARROLL, )<br>CORRECTIONAL MEDICAL SERVICES, )<br>DAVID DUNNINGTON, and MICHAEL )<br>BRYANT, )<br>   Defendants. ) | C.A. No. 04-328-SLR |

## STATE DEFENDANTS' REPLY MEMORANDUM

  State Defendants, by and through counsel, hereby reply to Plaintiff's "Response to State Defendants' Memorandum of Law" (hereinafter "Response") as follows:

  1. Under the Prison Litigation Reform Act (PLRA), all available administrative remedies must be exhausted prior to filing the lawsuit. *Spruill v. Gillis*, 372 F.3d 218 (2004). The Third Circuit mandates a plaintiff to exhaust administrative remedies before filing a civil action, even if the ultimate relief sought is not available through the administrative process. *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000) (stating that the Prison Litigation Reform Act precludes a futility exception to its mandatory exhaustion requirement). Indeed, this District Court, in keeping with *Nyhuis* and its progeny, has determined that prisoners complaining of prison conditions in Delaware are subject to § 1997e's exhaustion requirement. *See e.g., Boone v. Carroll*, et al., 2004 WL 609377 (D. Del.) attached as Exhibit 1.

  2. In *Boone*, the plaintiff, a prisoner, alleged that prison officials and inmates threatened his physical safety in retaliation for his providing information related to contraband within the prison to the internal affairs investigators. Plaintiff alleged that he requested to be transferred and that prison officials began the transfer process. *Id*. Although plaintiff complained

of these alleged direct and indirect threats to his personal safety, he contended that he did not file an inmate grievance because he believed doing so would expose him to greater risk of personal harm. *Id*. The evidence demonstrated that plaintiff's retaliation claim was concerned with prison conditions. *Id*. Also, the department of corrections has established a three-step grievance process with two levels of appeal. Importantly, the plain language of plaintiff's complaint clearly stated that he did not file a grievance despite the existing grievance procedures. *Id*. The court held that plaintiff was subject to the exhaustion requirements mandated by the PLRA. *Id*.

3.  Plaintiff Crump acknowledges awareness of the Inmate Grievance System which provides a mechanism for review and resolution of inmate complaints concerning prison living conditions. (See Complaint, *passim*). Access to the procedures is readily available to the inmates in the individual housing units, the law library and the inmates' counselor offices. (See *Affidavit of Michael McCreanor*, attached hereto as Exhibit 2). Not only is Plaintiff aware of the grievance system, but also he has utilized the grievance procedures on various occasions. *Id*.; see also, "*Pltf's. Response Ex.* A", D.I. \*\*. Therefore, having failed to satisfy the requirements of § 1997e, dismissal of Plaintiff's complaint is appropriate.

4.  In the instant case, even assuming *arguendo,* that all of the well pleaded factual allegations in Plaintiff's Complaint are accepted as true, Plaintiff fails to allege any set of facts which would support a claim that Defendants' acted with "deliberate indifference" to Plaintiff's welfare, health and safety. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

5.  It is now well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825 (1994) citing, *Helling v. McKinney*, 509 U.S. 25 (1993). Supreme Court cases have held that officials violate the Eighth Amendment only when two (2)

requirements are met.  First, the deprivation alleged must be objectively "sufficiently serious" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); a prison official's acts or omission must result in the denial of "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Second, to violate the cruel and unusual punishment clause, a prison official must have a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 302-303.  The sufficiently culpable state of mind has routinely been denoted as deliberate indifference to deprivation of the victim's constitutional rights.  *Wilson v. Seiter, Farmer v Brennan, Estelle v. Gamble*, supra.

      6.      The instant complaint fails as the defendants were not deliberately indifferent to plaintiff's plight.  The defendants conduct during this time period does not imply the deliberate indifference requisite which is needed for an Eighth Amendment claim.  In essence, deliberate indifference is established only if plaintiff alleges and proves that defendants knew he faced a substantial risk of serious harm and that they disregarded that risk by failing to take reasonable measures to abate it.  *Farmer*, supra.  In other words, the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id.

      7.      Here, plaintiff fails to establish that the defendants knew he faced a substantial risk of serious harm or that they disregarded this risk by failing to take reasonable measures to abate it.  In fact, plaintiff does not allege or indicate that Defendants inflicted wanton and unnecessary pain upon him, or that placement in the observation cell was unjustified based on the circumstances of which defendants were aware. See *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995).  A prisoner normally proves deliberate indifference of defendants to his safety and well-being when prison authorities deny basic human needs and such denial exposes the prisoner to undue suffering tantamount to cruel and unusual punishment. *Id.*  No facts

suggest that defendants knew plaintiff himself faced a substantial risk of serious harm and disregarded the risk. Placement of Plaintiff in the mental health observation room was a medical decision made by the medical staff upon face-to-face evaluation of Plaintiff. Clearly, the removal of Plaintiff's clothing and bed linens was necessary to ensure Plaintiff's safety and to prevent any possible harm to himself given his demeanor and behavior during his mental health evaluation. Consequently, in evaluating the conditions in light of contemporary standards of decency, the restrictive conditions, though perhaps harsh did not involve the wanton and unnecessary infliction of pain. Importantly, liability on prison officials simply will not lie when Plaintiff fails to allege any acts to suggest that defendants acted with a "sufficiently culpable state of mind".

                **STATE OF DELAWARE**
                  **DEPARTMENT OF JUSTICE**

                /s/ Ophelia M. Waters
                Ophelia M. Waters
                Deputy Attorney General
                Carvel State Office Building
                820 North French Street, 6th fl.
                Wilmington, DE 19801
                (302) 577-8400

Dated: September 29, 2005        ophelia.waters@state.de.us

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNEST CRUMP, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-328-SLR |
| | ) |
| STAN TAYLOR, THOMAS CARROLL, | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| DAVID DUNNINGTON, and MICHAEL | ) |
| BRYANT, | ) |
| Defendants. | ) |

## ORDER

AND NOW, this _____ day of _____, 2005, the Motion to Dismiss filed by state defendants in the above-captioned matter having been duly considered, and any opposition thereto, is granted; and,

IT IS ORDERED that plaintiff's claims against State Defendants be dismissed, with prejudice.

_____
The Honorable Sue L. Robinson, Chief Judge
United States District Court

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2005, I electronically filed *Defendants' Reply Memorandum* with the Clerk of Court using CM/ECF which will send notification of such filing to the following: Kevin J. Connors, Esquire.  I hereby certify that on September 30, 2005, I have mailed by United States Postal Service, the document to the following non-registered participant: Ernest A. Crump, Jr.; SBI #149221; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us