IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNEST CRUMP, JR. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STAN TAYLOR, THOMAS CARROLL, )<br>CORRECTIONAL MEDICAL SERVICES, )<br>DAVID DUNNINGTON, and MICHAEL )<br>BRYANT, )<br>Defendants. ) | C.A. No. 04-328-SLR |

## AFFIDAVIT OF CAPTAIN MICHAEL J. MCCREANOR

I, Captain Michael J. McCreanor, having been duly sworn according to law do hereby depose and state the following:

1. I make this affidavit based upon my personal knowledge.

2. I am employed with the Delaware Department of Correction at the Delaware Correctional Center ("DCC"). I am a custodian of the inmate grievance records of the DCC. I have been the Inmate grievance Chairperson since August 22, 2005.

3. As part of my regular duties I maintain custody and control of the official inmate grievance records of the Delaware Correctional Center. I have reviewed the "Response" by Ernest J. Crump, Jr. ("Crump"), along with his Exhibit A.

4. The grievance memorandum attached as Crump's "A" is a copy of a grievance memorandum form used in the year 2003 to respond to an inmate's grievance. Each form memorandum is case specific, and is issued in response a particular inmate complaint typically concerning matters within the institution that affects the inmate. For example, if an inmate complains that the lights should be turned off each time they are

not needed to count in the inmate cell, the grievance response would include a reference to security issue because the staff needs to be able to see in the cell when performing their security check duties. Therefore, the rationale for assigning the grievance as a security issue is to prevent inmates from obtaining information that would thwart efforts to enforce DCC security, such as inspections of cell walls and windows for tampering, and conducting visual observations for signs of injury, rape, or suicide attempts on inmates or staff.

5. The memorandum dated October 28, 2003 and attached as Crump's Exhibit "A" does not relate to any issues for which he is complaining about in this lawsuit.

6. In fact, Crump's Exhibit "A" relates to his grievance dated October 10, 2003, (C.A. 04-329) wherein he complained that a Sergeant refused to send him to the chapel because he had not been ordered to do so. Despite this information, Crump complained that a chapel inmate worker later informed him that he was called to come over to the chapel between 1:30 and 2:30 on that particular day. In response to this grievance, and Crump's request that action be taken to "reasonably prevent such abuse of power happening again" the IGC informed him that the matter involved a security issue, that grievant could write a letter to Staff Lieutenant Fuller, and informed that his action requested was inappropriate or not completed. (See Memorandum "A"). Because inmate movement throughout the facility is a matter decided by the security staff at DCC, and not by inmates, the Sergeant followed appropriate procedure in the absence of a security staff directive to permit Crump's movement on October 10, 2003.

7. After careful review of the Inmate Grievance files maintained at the DCC, I have not found any grievances filed by Crump for the year 2002, nor have I found any grievances that relate to the conditions of his incarceration claimed in his lawsuit.

8. As indicated by the inmate grievances that Crump has filed during the course of his incarceration, and his "Response" referencing the procedure, he is aware that the inmate grievance procedures are available to him in the housing unit, the law library and in his counselor's office.

Captain Michael McCreanor

SWORN TO AND SUBSCRIBED before me this 29 day of September 2005.

Notary public