IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNEST CRUMP, JR. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STAN TAYLOR, THOMAS CARROLL, )<br>CORRECTIONAL MEDICAL SERVICES, )<br>DAVID DUNNINGTON, and MICHAEL )<br>BRYANT, )<br>Defendants. ) | C.A. No. 04-328-SLR |

**STATE DEFENDANT THOMAS CARROLL'S RESPONSE TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES**

State Defendant Thomas Carroll responds to the Plaintiff's First Set of Interrogatories as follows:

1. Were you the Warden at the Delaware Correctional Center, Smyrna Delaware on 08-30-02 through 09-04-02?

**ANSWER**: Yes.

2. Is the Watch Commander or Shift Commander at the Delaware Correctional Center under your command or authority?

**ANSWER**: Yes.

Is'nt it true that on 08-30-02 the Plaintiff was transferred from the Delaware Correctional Center Receiving Room, to the Delaware Correctional Center hospital and placed in a room known as the "RAM ROOM"?

**ANSWER**: Yes.

4. Is'nt it true that the said Ram Room at D.C.C. had a toilet in said room that was a hole in the floor, that could only be flushed from the outside of the room by a

Correctional Officer at their convenience?

**ANSWER:** No.

    5.    Is'nt it true that the said Ram Room had no running water located inside said room?

**ANSWER**: Yes.

    6.    Is'nt it true that the Plaintiff was stripped totally naked after being placed in said room, and then given 2 sheets of paper towel type material to wrap around his naked body.

**ANSWER**: Defendant has no personal knowledge. See plaintiff's medical records provided.

    7.    Is'nt it true that the Plaintiff had to sleep on a cement slab on the floor with no bedding material or on a metal bed on the floor with no bedding?

**ANSWER:** Defendant has no personal knowledge. See plaintiff's medical records provided.

    8.    What was the reason the Plaintiff was placed in said Ram Room?

**ANSWER**: Defendant has no personal knowledge. See plaintiff's medical records and incident report provided.

    9.    If the Plaintiff was placed on suicide watch, is'nt it true that there there is another room or rooms that the Plaintiff could have been placed in aside from the Ram Room?

**ANSWER**: Defendant has no personal knowledge. The medical staff rendered a decision based on observations using professional judgment and training. See plaintiff's medical records provided.

10. Is'nt it true that there are other rooms at D.C.C. Hospital used to observe inmates on suicide watch, that have regular cell toilets, running water in cells, toilet paper in cells, a regular bed with bedding and clothing to wear?

**ANSWER:** Defendant has no personal knowledge. The medical staff rendered a decision based on observations using professional judgment and training. See plaintiff's medical records provided.

11. Is'nt it true that the Plaintiff could have been placed in another room other than the Ram Room?

**ANSWER**: Defendant has no personal knowledge. The medical staff rendered a decision based on observations using professional judgment and training. See plaintiff's medical records provided.

12. Isn't it true that you had the authority to have the Plaintiff released From said Ram Room without him having to spend those 5 day in there [sic] ?

**ANSWER:** No. The medical staff rendered a decision based on observations using professional judgment and training. See plaintiff's medical records provided.

13. According to the records, notes or memos about this incident isn't it true that at no time during this Plaintiff's 5 day stay in said Ram Room, he never displayed any behavior of violence or aggression, physically or verbally, towards any medical staff, Correctional staff or other personnel at the hospital?

**ANSWER**: Defendant has no personal knowledge. The medical staff rendered a

decision based on observations using professional judgment and training. See plaintiff's medical records provided.

14. If the prisoner is placed on suicide watch and placed in the Ram Room or any other room, is there some kind of follow-up procedure to check up on him after he's released from said rooms?

**ANSWER**: Defendant has no personal knowledge. The medical staff rendered a decision based on observations using professional judgment and training. See plaintiff's medical records provided.

15. Was the Plaintiff ever checked on for some form of follow-up after being released from the Ram Room?

**ANSWER**: Defendant has no personal knowledge. The medical staff rendered a decision based on observations using professional judgment and training. See plaintiff's medical records provided.

16. Please explain why although the Plaintiff was placed on suicide watch 8.30.02, there was never been any follow-up [sic]?

**ANSWER**: Defendant has no personal knowledge. The medical staff rendered a decision based on observations using professional judgment and training. See plaintiff's medical records provided.

17. Is'nt it possible that maybe the Plaintiff should have never been placed in the Ram Room?

**ANSWER**: Defendant has no personal knowledge. The medical staff rendered a decision based on observations using professional judgment and training. See plaintiff's medical

records provided.

18. As the Warden of Delaware Correctional Center, is'nt it your overall responsibility to ensure that prisoners are'nt abused by your staff?

**ANSWER**: Yes.

19. As the Warden of Delaware Correctional Center, is'nt it possible that the Plaintiff may have been abused by being placed in the Ram Room?

**ANSWER**: Defendant has no personal knowledge. The medical staff rendered a decision based on observations using professional judgment and training. See plaintiff's medical records provided.

                                                    Thomas Carroll, Warden DCC

SWORN TO AND SUBSCRIBED before me this ___ day of October, 2005.

                                                    Notary

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2005, I electronically filed *State Defendant Thomas Carroll's Responses to Plaintiff's First Set of Interrogatories* with the Clerk of Court using CM/ECF . I hereby certify that on October 26, 2005, I have mailed by United States Postal Service, the document to the following non-registered participant:

Ernest A. Crump, Jr.; SBI#149221;Delaware Correctional Center; 1181 Paddock Road; Smyrna, De 19977.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, ID#3879
Deputy Attorney General
820 N. French St., 6th Floor
Wilmington, DE  19801
(302)577-8400
ophelia.waters@state.de.us